CARABETTA ENTERPRISES, INC. *vs.* ANN SCHENA.

No. 87-540.

Suffolk. January 14, 1988. — February 11, 1988.

Present: GREANEY, C.J., ARMSTRONG, & KAPLAN, JJ.

*Injunction. Practice, Civil,* Injunction, Interlocutory appeal.

Statement of the role of an appellate court under G. L. c. 231, § 118, second par., in reviewing grants or denials of preliminary injunctive relief. [391-392]

The record of a civil action provided no basis for concluding that the judge either had abused his discretion or committed error of law in denying preliminary injunctive relief to a plaintiff claiming the right to purchase certain real property. [392-393]

CIVIL ACTION commenced in the Superior Court Department on November 19, 1986.

A motion for preliminary injunctive relief was heard by *Charles M. Grabau, J.*

*Robert J. Sherer (Ann H. Stossel* with him) for the plaintiff.

*Edward A. Gottlieb* for the defendant.

ARMSTRONG, J. The plaintiff ("Carabetta") appeals under G. L. c. 231, § 118, second par., from an order denying its application for a preliminary injunction to prevent the defendant from executing any instrument alienating or impairing any interest she might have in certain real estate at Revere Beach known as the "Banana Boat" property or effecting a change of trustees or the powers of the trustees of the irrevocable realty trust that holds title to that property. The defendant and her husband are the two trustees (and the settlors) of the trust; the beneficiaries are their four children. The trust declaration states that, subject to the direction of the beneficiaries, the trustees are authorized to convey trust property by an instrument signed by both trustees.

Carabetta claims a right to purchase the property under an instrument signed by it and the defendant but not by the defendant's husband. On its face the instrument appears to give Carabetta an option to purchase the Banana Boat property. So far as appears no consideration was given, and the instrument did not obligate Carabetta to do anything with the possible exception (by virtue of an addendum signed at a later date, again not by the defendant's husband) of applying for certain permits, which were a stated precondition to any purchase, without delay.

The circumstances of signing the instrument are the subject of conflicting depositions and affidavits. According to the defendant and a daughter who accompanied her, the defendant was assured repeatedly by one Jason, a Carabetta representative, that the document had no legal effect but was merely a memorandum of their understanding to date and that nothing "legal" would take place (and she would not need a lawyer) until the time for signing a purchase and sale agreement arrived. The defendant claims to have been reassured in this belief by the fact that, at that stage, Jason was not seeking the husband's signature. ("I knew a purchase and sale was a serious kind of a paper. I knew my husband would have to sign a purchase and sale.")

According to Carabetta's president, it was the defendant who was eager to get a signed agreement on paper, and the defendant reassured him that she had authority to sign for her husband. Through depositions of the defendant's husband and one of her children, Carabetta sought to show that the family in fact relied on the defendant to conduct business dealings in their behalf. (That showing, however, could be thought not necessarily inconsistent with the family's retaining an ultimate "sign-off" power on any business deal the defendant might negotiate.)

On this state of the record it seems obvious that different judges, conscientiously applying the balancing test set out in *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 617 (1980), could reasonably reach different conclusions on the propriety of preliminary injunctive relief. Without a memoran-

dum of agreement signed by both trustees at the direction of the beneficiaries, Carabetta is seemingly barred by the Statute of Frauds unless it can establish agency or estoppel. Equally tenuous is its showing of consideration to bind the option (which, on this record, seems to have been revoked before exercise). Its entitlement to a lis pendens under G. L. c. 184, § 15, as appearing in St. 1985, c. 809 (the lis pendens was dissolved but was reinstated by a single justice of this court), undermines any showing of irreparable harm.

Carabetta asks this court, in essence, to evaluate the record on a de novo basis and to substitute its judgment for that of the trial judge who denied the injunction. This, it argues, is the correct approach because the record on which the judge acted did not include testimony taken in court from witnesses whose credibility he was in a better position than we to determine. Rather, the record was documentary, consisting of the pleadings, depositions, affidavits, and letters and other documents furnished by the parties.

Carabetta has seriously misconceived the role of an appellate court in reviewing grants or denials of preliminary injunctions under G. L. c. 231, § 118, second par. In contrast to practice in the Federal courts, the situations are rare in our practice where a hearing on the issuance of a preliminary injunction involves taking live testimony.[1] Typically the record on appeal

---

[1] The provision in Fed.R.Civ.P. 52(a), first sentence, requiring the judge to set forth findings of fact in granting or refusing an interlocutory injunction, was deleted from the Massachusetts counterpart rule. Federal Rule of Civil Procedure 65(a)(2), authorizing consolidation of the trial on the merits with an evidentiary hearing on an application for a preliminary injunction, was adopted as Mass.R.Civ.P. 65(b)(2), 365 Mass. 833 (1974), with the deletion, however, of a provision that testimony taken at a preliminary injunction hearing becomes part of the record on the trial and need not be repeated at the trial stage. (The deletion recognized that in usual Superior Court practice the trial judge will only coincidentally be the judge who acted on the preliminary injunction. Smith & Zobel, Rules Practice 86 [1981].) The Federal rule was intended to encourage consolidation to avoid "the time and effort of double proceedings." Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (II), 81 Harv. L. Rev. 591, 610 (1968). With the deletion, the Massachusetts rule achieves that purpose less efficiently. Thus, in Massachusetts practice, a case in which the granting or denial of preliminary injunctive relief would

is documentary, as in this case. Yet we have always held that "[a]ppellate review of a trial court order disposing of a preliminary injunction application . . . focuses on whether the trial court abused its discretion — that is, whether the court applied proper legal standards and whether the record discloses reasonable support for its evaluation of the factual questions. . . . [S]ince our commissions do not authorize us to sit as trial judges, we must exercise special care not to substitute our judgment for that of the trial court where the records disclose reasoned support for its action." *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20, 25-26 (1981). "As to the lawfulness of the interlocutory injunctive relief granted, the . . . appellant . . . faces a formidable task. An appellate court tests only whether the trial judge has abused his discretion. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. at 615-616. We 'will not reverse if there is a supportable basis for the [trial] court's action even if, on final analysis, it may prove to be mistaken.' *New England Patriots Football Club, Inc.* v. *University of Colo.,* 592 F.2d 1196, 1200 (1st Cir. 1979). *Westinghouse Bdcst. Co.* v. *New England Patriots Football Club, Inc.,* 10 Mass. App. Ct. 70, 75 (1980)." *Lawless-Mawhinney Motors, Inc.* v. *Mawhinney,* 21 Mass. App. Ct. 738, 743 (1986). As to the usual (and limited) role of an appellate court in reviewing findings based on conflicting affidavits, see *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct. 412, 429-430 (1980). In consequence, an appeal under the second paragraph of G. L. c. 231, § 118, from the grant or denial of a preliminary injunction rarely proves successful.

Nothing in the record of this case causes us to conclude that the judge who denied the preliminary injunction that Carabetta

---

as a practical matter be outcome-determinative and would necessitate the taking of live testimony is apt to be heard on the merits forthwith where feasible in light of competing demands for trial time, with an eye to the entry of a prompt judgment rather than a preliminary injunction. The showing of exigency must be compelling to justify giving the case preference over others already awaiting trial. Wright & Miller, Federal Practice and Procedure: Civil §§ 2950, at 486 (1973). Smith & Zobel, *supra* at 85.

sought committed an error of law, abused his discretion, or misapplied the balancing test of the *Cheney* case. Accordingly, we deny appellate relief.

*Order denying motion for a preliminary injunction affirmed.*